IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW ROBERT YOUNG,                               CV. 06-1511-ST

    Plaintiff,                                      ORDER

  v.

MAX WILLIAMS, et al.,

    Defendants.

MOSMAN, District Judge.

    This 42 U.S.C. § 1983 action comes before the court on plaintiff's Motion for Leave to File Amended Complaint (docket #7), Motion to Vacate Scheduling (docket #8), and Motion for Default Judgment (docket #9).

    On December 12, 2006, the court noted that plaintiff's *in forma pauperis* application only authorized the withdrawal of $150.00 for the cost of this lawsuit. It therefore advised plaintiff that the filing fee for a civil case had risen to $350.00, and if he wished to proceed with this case, he must

1 - ORDER

specifically authorize the withdrawal of that amount from his prison trust account by January 12, 2006.

Plaintiff did not respond to that Order, but did file a Notice of Change of Address (docket #6) on January 3, 2007. The Clerk of the Court sent petitioner a copy of that Order at his new address. Plaintiff now asks the court to: (1) vacate the Order requiring his consent to the filing fee as "[t]his is a fact that the Plaintiff is well aware of therefore the Order is without Warrant or Merit"; (2) allow him to amend his Complaint; and (3) enter default judgment against defendants based on their failure to answer his Complaint.

The court denies plaintiff's request to vacate its previous Order. As plaintiff is well aware of the filing fee requirements for this case, the court construes this as his authorization to withdraw those fees as funds from his prison trust account as funds become available.

With respect to plaintiff's Motion to Amend his Complaint, Local Rule 15.1(c)(1) requires a party moving to amend a pleading to "reproduce the entire pleading and . . . not incorporate any part of the prior pleading by reference." Plaintiff has supplied only the fifth page of his proposed Amended Complaint. Plaintiff's Motion to Amend is granted, but he must file a complete amended complaint within 30 days.

2 - ORDER

Finally, plaintiff's Motion for Default Judgment is not well taken because defendants have not yet been served, therefore they are not obliged to answer at this time.

## CONCLUSION

Plaintiff's Motion to Vacate (docket #8) and Motion for Default Judgment (docket #9) are DENIED.

Plaintiff's Motion to File Amended Complaint (docket #7) is GRANTED, but plaintiff must file a completed amended complaint within 30 days. His failure to do so will result in the dismissal of this case. Because the court grants plaintiff leave to amend his Complaint, his Motion for Summary Judgment (docket #4) filed with his original Complaint is DENIED without prejudice to plaintiff's right to refile another such motion based on his forthcoming amended complaint.

IT IS SO ORDERED.

DATED this 20th day of February, 2007.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

3 - ORDER